Bertrand v TKO Transp. LLC (2022 NY Slip Op 03472)





Bertrand v TKO Transp. LLC


2022 NY Slip Op 03472


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 158080/18 Appeal No. 16045 Case No. 2021-04569 

[*1]Audrey Bertrand, Plaintiff-Respondent,
v
TKO Transport LLC et al., Defendants, City of New York, Defendant-Respondent, DJM Transport NY Co., Inc., Defendant-Appellant.


Powell, Kugelman & Postell, LLC, New York (Joseph M. Powell of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Audrey Bertrand, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for City of New York, respondent.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered November 18, 2021, which denied defendant DJM Transport NY Co. Inc.'s (DJM NY) motion to dismiss the amended complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
While acknowledging plaintiff's argument that DJM NY was united in interest with defendant DJM Transport, LLC (Transport), the motion court made no finding with respect to that relationship. Instead, it determined, sua sponte, that DJM NY was united in interest with defendants Martinez and TKO Transport LLC, and held that therefore the claims asserted against it related back to those in the original complaint and were not barred by the statute of limitations (see CPLR 203[c]; Buran v Coupal, 87 NY2d 173, 177-178 [1995]).
We find that DJM NY and Transport are not united in interest. The complaint alleges no facts that would establish that there is a relationship between them that gives rise to the vicarious liability of one for the conduct of the other or that a judgment against one would affect the other. There is a possibility that DJM NY has a defense that is unavailable to Transport (see Higgins v City of New York, 144 AD3d 511, 513 [1st Dept 2016]). Transport's managing member testified that the two defendants were separate and distinct companies with different owners and businesses (see Seeler v AMA Consulting Engrs., P.C., 190 AD3d 508 [1st Dept 2021]).
The court should not have determined sua sponte that DJM NY was united in interest with Martinez and TKO. It was unfair to the litigants, who expected the court to decide on rationales they advanced, not on arguments that their adversaries never made and that might have been rebutted if raised before the court (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022