Drach v Trotta (2024 NY Slip Op 51740(U))

[*1]

Drach v Trotta

2024 NY Slip Op 51740(U) [84 Misc 3d 133(A)]

Decided on December 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570471/24

Arie Drach, Petitioner-Appellant,
against
Dorcas Trotta, Respondent-Respondent. and "John Doe" and
"Jane Doe," Respondents.

Petitioner appeals from an order of the Civil Court of the City of New York, Bronx
County (Bernadette G. Black, J.), dated July 12, 2024, which denied his motion for
summary judgment of possession and granted respondent's cross motion for summary
judgment dismissing the petition in a holdover summary proceeding.

Per Curiam.
Order (Bernadette G. Black, J.), dated July 12, 2024, reversed, without costs, petition
reinstated and matter remanded for further proceedings consistent with this decision.
This holdover proceeding seeks to recover possession of a cooperative apartment
occupied by respondent Dorcas Trotta. It is not disputed that respondent initially entered
the premises as a tenant pursuant to a proprietary lease agreement. The holdover petition
alleges that this proprietary lease was terminated by the (nonparty) cooperative
corporation and the shares of stock were sold at an extrajudicial foreclosure sale.
Petitioner Arie Drach alleges that he purchased the stock at said sale and that a
proprietary lease was issued to him. Petitioner thereafter commenced this proceeding to
remove respondent from the premises.
Petitioner moved for summary judgment of possession. Respondent cross-moved to
dismiss the petition on the ground that petitioner lacks standing to maintain this
proceeding and that the cooperative corporation did not properly terminate her lease. In
the order on appeal, Civil Court did not address the substantive issues raised by the
parties, but determined that the petition must be dismissed on a ground which was never
advanced by any of the parties, i.e., petitioner failed to serve a predicate notice of
termination pursuant to RPL §§ 232-a and 226-c.
The dismissal order, premised solely on the unraised and unbriefed predicate notice
issue, unfairly deprived petitioner of notice and an opportunity to be heard, thereby
offending [*2]traditional notice of fair play. "It was
unfair to the litigants, who expected the court to decide on rationales they advanced, not
on arguments that their adversaries never made and that might have been rebutted if
raised before the court" (Bertrand v TKO Transp. LLC, 205 AD3d 643, 644 [2022];
see Misicki v Caradonna, 12
NY3d 511, 519 [2009]). In these circumstances, we vacate the dismissal and remand
the matter to Civil Court for further proceedings to afford petitioner an opportunity to
address the notice issue, and for a determination of the balance of the parties' motions. In
doing so, we do not pass upon the merits of the matter.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24,
2024